UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>                Plaintiff,<br><br>   v.<br><br>THOMAS O. RICE, *et al.*,<br><br>                Defendants. | CASE NO. C20-824-RSM<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed 42 U.S.C. § 1983 action, plaintiff alleges that two Eastern District of Washington federal judges, one of them deceased, have violated the Constitution by physically raping him. Dkt. 1-1, at 5–6. He does not, however, allege any facts that would suggest events, dates, places, or contacts that could plausibly raise questions of sexual misconduct. In a separate complaint, plaintiff also makes identical allegations against the chief judges of all the federal appeals courts. *See Demos v. Chief Judges*, C20-826-RSM (W.D. Wash., submitted May 30, 2020).

REPORT AND RECOMMENDATION - 1

As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It is also patently frivolous.

The Court recommends **DENYING** plaintiff's IFP application, Dkt. 1, and **DISMISSING** the proposed complaint, Dkt. 1-1, without prejudice in accordance with 28 U.S.C. § 1915(g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 19, 2020.** The Clerk should note the matter for **June 19, 2020**, as ready for the District Judge's consideration. Objections shall not exceed **five (5)** pages. The failure to timely object may affect the right to appeal.

DATED this 2nd day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge